UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE JEFFRIES,

Plaintiff,

vs.

TEKAHO, INC., DBA ALASKA
ACRES CARE CENTER, *et al.*,

Defendants.

Case No. 1:09-cv-145

Judge Timothy S. Black

## ORDER

This case is currently before the Court on Plaintiff's motion to compel discovery. (Doc. 10). Defendants did not respond. The undersigned ordered Defendants to show cause why Plaintiff's motion to compel should not be granted as unopposed. (Doc. 11). Again, Defendants did not respond.

### I. BACKGROUND FACTS

This lawsuit was filed on March 3, 2009 by Plaintiff Joyce Jeffries alleging a breach of fiduciary duties and prohibited transactions under the Employment Retirement Income Securities Act ("ERISA").

Plaintiff alleges that Defendant has failed to comply with the Rule 26(f) joint discovery plan. Specifically, the discovery plan requires that the parties provide initial disclosures no later than November 30, 2009. (Doc. 7). Defendants have failed to

provide Plaintiff with their initial disclosures. (Doc. 10, Ex. A at ¶ 4).[1]

Plaintiff sent Defendants' counsel a letter on December 10, 2009, noting their failure to provide initial disclosures and requested that they be produced. (Doc. 10, Ex. 2). In a second letter dated January 15, 2010, Plaintiff propounded discovery requests and again requested that Defendants provide their initial disclosures. (*Id.*, Ex. A at ¶ 2; Ex. 1).

By letter dated February 10, 2010, Plaintiff again wrote to Defendants' counsel and requested their initial disclosures. (Doc. 10, Ex. 3). Plaintiff also noted that the discovery requests were due to be answered on or before February 12, 2010. (*Id.*)

February 12, 2010 passed without reply from Defendants, and Plaintiff sent an additional letter, dated March 4, 2010, requesting that Defendants respond to Plaintiff's discovery by March 14, 2010. (Doc. 10, Ex. 5). On March 11, 2010, Plaintiff sent another letter to Defendants' counsel, advising him that a motion to compel would be filed with the Court if discovery responses were not received by March 17, 2010. (*Id.*, Ex. 6). Additionally, Plaintiff's counsel represents that he also tried to contact Defendants' counsel by telephone, but has had no communication with him for a number of months. (*Id.*, Ex. A).

---

[1] Plaintiff also claims that the 26(f) Report *required* the parties to exchange settlement proposals. However, Plaintiff misconstrues the language of the discovery plan which simply provids a guideline for the parties should they decide to pursue settlement. It does *require* the parties to engage in settlement negotiations. (Doc. 7).

-2-

## II. STANDARD OF REVIEW

Pursuant to Rule 26(B)(1) of the Federal Rules of Civil Procedure, parties are entitled to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things."

A party is allowed to obtain discovery of any matter that "bears on or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). If a party fails to produce discoverable material, then the discovering party may move the court for an order compelling such discovery. *See* Fed. R. Civ. P. 37(A).

## III. ANALYSIS

Defendants have not objected in any manner to Plaintiff's discovery requests. Plaintiff is entitled to such discovery pursuant to Fed. R. Civ. P. 26(B)(1). Therefore, Defendants shall produce responsive documents within 10 days of the entry of this Order.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel (Doc. 10) is **GRANTED**, and, within **10 DAYS** of the date of this Order, Defendants shall provide initial disclosures and all responsive documents. Defendants' failure to abide by this Order may result in sanctions including, but not limited to, entry of default judgment against Defendants.

**IT IS SO ORDERED.**

DATE: 5/24/10

s/ *Timothy S. Black*
Timothy S. Black
United States District Judge